1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

HOLLAND AMERICA, *et al.*,

   Plaintiffs,

  v.

WARTSILA NORTH AMERICA, INC., *et al.*,

   Defendants.

CASE NO.  C04-1368RSM

ORDER GRANTING MOTION TO
DISMISS PARTY

16

### I.  INTRODUCTION

17

18

19

20

21

22

23

24

25

26

   This matter comes before the Court on defendant Wartsila Corporation's Motion to
Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction.  (Dkt. #148).
Defendants argue that Wartsila Corporation has little or no connection to this forum.
Specifically, defendants note that Wartsila Corporation did not sell or manufacture the engines at
issue in this case, it did not manufacture any spare parts, it did not provide any maintenance or
service to the M/S/Y Windsong, and it is a separate and independent company from the other
Wartsila entities.  Wartsila Corporation further notes that it has never had an office in
Washington, it has never maintained a telephone listing or bank account in Washington, it has
never owned property, maintained a mailing address or had any employees reside in Washington,
and it has never been licensed to conduct business in Washington.  Moreover, Wartsila

ORDER
PAGE - 1

Corporation avows that it is not presently doing or soliciting business in Washington, nor has it done so in the past.  Finally, defendants assert that Wartsila North America, which is headquartered in Houston, Texas, is not Wartsila Corporation's alter ego.  Thus, defendant argues that there is no basis for either general personal jurisdiction or specific personal jurisdiction in this Court.

Plaintiffs answer that Wartsila Corporation did produce the part at issue in this case, that Wartsila Corporation's ownership and management of the "Wartsila brand name" provides sufficient contact with Washington State to serve as a basis for personal jurisdiction in this forum, and that Wartsila Corporation's contacts with Wartsila North America provide sufficient contact with Washington State to serve as a basis for personal jurisdiction in this forum.  Plaintiffs argue that because Wartsila Corporation directs its products to Wartsila North America, who in turn distributes the products in the United States, Wartsila has purposefully availed itself of business opportunities in this forum.  Plaintiffs further argue that because Wartsila North America stipulated to litigation in this forum, and because it sometimes acts like an agent for Wartsila Corporation, Wartsila Corporation should be deemed to have also stipulated to litigation in this forum.  Finally, plaintiffs argue that it is not unreasonable to subject Wartsila Corporation to jurisdiction in the forum where it directs products to be promoted and sold.

Having considered defendant Wartsila Corporation's motion, plaintiffs' response, defendants' reply, and the remainder of the record, the Court hereby GRANTS defendants' motion.

## II. DISCUSSION

### A.  Background

Plaintiffs filed the instant case on June 10, 2004.  Plaintiff Holland America Line, Inc., is a Washington state corporation, and owner and agent of co-plaintiff Windstar Sail Cruises, Ltd.

1    Plaintiff Windstar Sail Cruises, Ltd., is a Bahamian corporation, which operates passenger sail

2    cruises. Plaintiffs' claims arise from a fire that completely destroyed a sailing yacht formerly

3    owned by Windstar, called the M/S/Y Wind Song. Plaintiffs allege that while en route from

4    Papeete, Tahiti, to Huahine, Tahiti, a fire broke out in the engine room of the yacht, which

5    spread throughout the yacht's electrical system, resulting in a total loss of the vessel.

6        Plaintiffs originally named several defendants in this law suit, including Bureau Veritas,

7    S.A., Wartsila North America, Inc., Wartsila NSD Australia, Wartsila New Zealand, Ltd., and

8    Wartsila Finland Oy. Plaintiffs subsequently voluntarily dismissed Wartsila Australia and

9    Wartsila New Zealand. The Court then granted leave for plaintiffs to amend its complaint to

10   include four additional defendants, Bureau Veritas North America, Inc., Bureau Veritas

11   (Canada), Inc., Wartsila Diesel Normed, S.A., and Wartsila Corporation. Wartsila Diesel

12   Normed manufactured the engines that were installed on the Wind Song. In addition to the

13   claims alleged against the Bureau Veritas entities, plaintiffs allege that the Wartsila entities

14   negligently provided service on the engines or provided faulty parts for the engines which

15   contributed to the fire.

16       The Court subsequently dismissed defendants Bureau Veritas, S.A., and Wartsila Finland

17   Oy, from this litigation. (Dkts. #99 and #101). The Court found that it lacked jurisdiction over

18   Bureau Veritas, S.A., because a valid and enforceable forum selection clause between it and

19   plaintiffs requires that all litigation take place in the court of Nanterre, France. The Court also

20   found that it lacked jurisdiction over Wartsila Finland Oy because there were insufficient

21   contacts between it and this forum.

22       Plaintiffs then filed a motion for reconsideration, or in the alternative, motion for

23   certification of those Orders for appeal in the Ninth Circuit Court of Appeals. (Dkt. #103). The

24   Court denied that motion. (Dkt. #106). Plaintiffs then filed appeals from the Orders in the

25   Ninth Circuit Court of Appeals. (Dkts. #107 and #109). Shortly after filing the appeals,

26

ORDER
PAGE - 3

1  plaintiffs filed a set of motions asking this Court to certify its previous Orders of dismissal and

2  Order denying reconsideration for appeal in the Ninth Circuit Court of Appeals, which this

3  Court also denied.  (Dkts. #119, #123, #131 and #134).

4        In the meantime, plaintiffs had filed a first amended complaint, which continued to name

5  both Bureau Veritas, S.A., and Wartsila Finland Oy, as defendants.  Following a series of

6  telephonic discussions with the parties, and subsequent written briefing, the Court directed

7  plaintiffs to file a second amended complaint that no longer named either of those defendants.

8  (Dkt. #137).  Plaintiffs filed the second amended complaint as directed.  (Dkt. #139).  Curiously,

9  plaintiffs did not amend the complaint to allege any claims against Wartsila Diesel Normed, S.A.,

10  despite the fact that this Court granted plaintiffs' motion to add such defendant.  Rather,

11  plaintiffs chose to add allegations against Wartsila Corporation, and two new Bureau Veritas

12  entities.

13        The instant motion followed.  Several of the Bureau Veritas defendants have also moved

14  to dismiss the second amended complaint for lack of jurisdiction.  (Dkt. #144).  That motion will

15  be addressed in a separate Order.

16        **B.  General Jurisdiction**

17        The Court may exercise general personal jurisdiction over a defendant when it has

18  engaged in substantial or continuous and systematic business activities in the forum state.

19  Plaintiffs apparently allege in their complaint that general jurisdiction over Wartsila Corporation

20  is proper because it, or one of its agents, has consented to jurisdiction in this Court.  (Dkt. #139

21  at 5).  However, the Court finds no facts in the complaint to support such a conclusory

22  allegation.

23        Plaintiffs have failed to produce any Purchase Order or contract with Wartsila

24  Corporation containing any agreement to forum selection in Washington State.  It is not enough

25  that plaintiffs allege to have sent the terms via e-mail to an unspecified e-mail address or general

26

ORDER
PAGE - 4

web address.  Furthermore, plaintiffs have failed to produce any evidence that Wartsila North America is an agent of Wartsila Corporation, or that it had any authority, either explicit or implied, to enter into any agreements on behalf of Wartsila Corporation.  Indeed, Wartsila Corporation has offered testimony to the contrary, through its Executive Vice President and CFO, Raimo Lind, that Wartsila North America never had such authority.  (Dkt. #150 at 2).

In addition, Wartsila Corporation has submitted evidence demonstrating that it is a separate and independent company from Wartsila North America.  Wartsila Corporation is a company organized under the laws of Finland, and its principal place of business is in Helsinki, Finland.  It is the indirect parent company of Wartsila North America by virtue of the fact that it holds stock in a company, which owns the stock of another company, which owns the stock of Wartsila North America.  (Dkt. #150 at 1).  However, a shareholder relationship is not a predicate for asserting personal jurisdiction over a parent corporation.

Wartsila Corporation does not now, nor has it ever, had an office in the State of Washington.  It has never maintained a phone listing or bank account in the state, nor has it ever maintained a mailing address in the state.  Wartsila Corporation maintains its own working capital, bank accounts and personnel in Finland.  It also has its own management personnel, and maintains its own books and records, and is independently audited.  Furthermore, Wartsila Corporation has its own seven-member Board of Directors.  None of the Directors of Wartsila Corporation are directors of Wartsila North America.  Thus, there is no evidence that Wartsila Corporation is the alter ego of Wartsila NA or any other Wartsila entity.

In addition, there is no evidence the Wartsila Corporation conducts business on a systematic and continuous basis in the United States.  Although Wartsila Corporation does maintain a website providing general information about the company and its subsidiaries, it refers any potential purchaser to one of its subsidiaries' websites to make any actual purchases.  (Dkt. #150 at 2).  In addition, Wartsila Corporation provides its manufactured parts and engines

ORDER
PAGE - 5

to Wartsila NA, who in turn distributes them to various locations inside and outside of the United States.

Moreover, plaintiffs have provided no evidence of any specific Wartsila Corporation parts that have made their way into the forum state. Indeed, in its previous Order dismissing plaintiffs' complaint against Wartsila Finland Oy, this Court specifically noted that there has been no evidence that any spare low pressure fuel line was ever even ordered for the M/S/Y Wind Song prior to the fire, and plaintiffs have failed to produce any such evidence in response to the instant motion. Neither have plaintiffs provided any evidence that any activity related to the instant claims took place in Washington State between themselves and Wartsila Corporation. Accordingly, the Court agrees with defendants that this Court may not exercise general personal jurisdiction over Wartsila Corporation.

### C. Specific Jurisdiction

Specific personal jurisdiction may be exercised over a foreign defendant when (1) the foreign defendant acted or consummated a transaction in the forum by which he purposefully availed himself of the privilege of conducting business in the forum; (2) the claim arises from defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). If any one of these three requirements is not satisfied, the Court may not exercise jurisdiction over the defendant. *Id.* For the reasons set forth below, the Court finds that these requirements have not been satisfied.

Plaintiffs make no specific complaints against Wartsila Corporation. Rather, plaintiffs apparently allege that Wartsila North America either designed, manufactured, sold, serviced and/or repaired the engines on the M/S/Y Wind Song, and acted as an agent of Wartsila Corporation. (*See* Dkt. #139 at 7-8 and 14). Through the limited discovery conducted thus far, the parties have discovered that the entity Wartsila Diesel Normed S.A. sold the engines to the

shipyard that built the Wind Song, and Wartsila Corporation did not manufacture those engines. (Dkt. #55, Exs. A and B). Moreover, the service and repair of the yacht took place in New Zealand. (Dkt. #54). Plaintiffs have provided no evidence that any service or repair parts were provided to the M/S/Y Wind Song from Wartsila Corporation, or that the service or repair occurred in the United States.

Despite this apparent lack of connection between Wartsila Corporation and this forum, plaintiffs argue that because Wartsila North America has contact with the forum, and sometimes acts as an agent or distributor for Wartsila Corporation, Wartsila Corporation is subject to personal jurisdiction in this Court because it has inserted its products into the stream of commerce in the forum. In the alternative, plaintiffs argue that there is at least enough minimum contact with the United States as a whole that this Court may exercise personal jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure. The Court finds these arguments misplaced.

As a threshold matter, as noted above, there is no evidence that Wartsila North America acts as the "alter ego" of Wartsila Corporation. To the contrary, defendants have submitted evidence that Wartsila NA is a separate and independent entity. Wartsila North America is a Maryland Corporation, with its corporate headquarters in Houston, Texas. It also has facilities in Florida, Maryland, Virginia, Louisiana, California and Washington. (Dkt. #54). Wartsila North America maintains its own working capital, bank accounts and personnel. It has its own separate financial statements, and is independently audited. Furthermore, Wartsila North America has its own Board of Directors that meets two to three times a year. Minutes are kept of those meetings. None of the directors serves as a director of Wartsila Corporation. Finally, while Wartsila Corporation may manufacture engines and engine parts, Wartsila North America provides service and repair of engines made by many different companies. (Dkt. #54). Wartsila North America occasionally subcontracts repair or service work to its affiliates. In those

ORDER
PAGE - 7

instances, Wartsila North America is the affiliate's customer, and it is responsible for payment of the invoice, even if Wartsila North America is ultimately not paid by its customer.  Thus, the Court is convinced that Wartsila North America is not the alter ego of Wartsila Corporation.

The Court next turns to plaintiffs' argument that Wartsila Corporation has inserted its products into the stream of commerce through Wartsila North America, and therefore, this Court can assert personal jurisdiction over Wartsila Corporation.  In has long been held that courts may assert personal jurisdiction over a foreign defendant based on the theory that a corporation that has put its product into the stream of commerce with the expectation that it will be purchased in a specific forum may be haled into court when a personal injury has been caused by that product. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 (1987).  However, the United States Supreme Court has made clear that "[t]he 'substantial connection,' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State.  The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112.  In addition, the Ninth Circuit Courts of Appeals has held that when the injury did not take place in the forum state, the fact that a corporation knew or should have known that a product would enter the foreign stream of commerce does not provide a basis for personal jurisdiction. *Omeluk*, 52 F.3d at 271.

In the instant case, plaintiff Holland America contacted Wartsila North America and asked for service on the M/S/Y Windsong in the South Pacific.  (Dkt. #54).  Warstila North America subcontracted that service and repair work to Wartsila New Zealand.  Plaintiff has produced no evidence that any Wartsila Corporation product was used in making the repairs.  Even assuming that a Wartsila product or part had been used, there is no evidence that the product was shipped to or from the United States, and certainly not the forum state.  In fact,

ORDER
PAGE - 8

1  plaintiffs have argued only a hypothetical possibility that a low pressure fuel line on board the

2  Wind Song at the time of the fire may have been a Wartsila Corporation part.  That theory is

3  based in part on their having replaced similar fuel lines with Wartsila Corporation parts in the

4  Wind Song's sister ships.  However, no evidence that any such parts were ordered for the Wind

5  Song has been produced.  Accordingly, the Court finds that there is no substantial connection

6  between Wartsila Corporation and this forum necessary to establish minimum contacts for

7  personal jurisdiction.

8       For similar reasons, the Court also rejects plaintiffs' argument that Federal Civil

9  Procedure Rule 4(k)(2) establishes jurisdiction over Warstila Corporation.  Rule 4(k)(2) applies

10  only where a plaintiff's claims arise under federal law and where the defendant has "significant

11  nationwide contacts," but is "not subject to jurisdiction in any state."  *American Tel & Tel. Co.*

12  *v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 590 (9th Cir. 1996).  In the instant case,

13  plaintiffs have not demonstrated that defendant has significant nationwide contacts, nor have

14  they established that Wartsila Corporation is not subject to the general jurisdiction of any state.

15  Thus, the Court finds that Rule 4(k)(2) is not applicable to this case.

16       Similarly, the fact that Wartsila Corporation advertises to consumers in the United States

17  through a website does not give rise to jurisdiction under 4(k)(1)(a) in this Court.  It is well

18  established that general internet advertising does not subject the advertiser to jurisdiction.

19  *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (explaining that "[c]reating a

20  site, like placing a product into the stream of commerce, may be felt nationwide – or even

21  worldwide – but, without more, it is not an act purposefully directed toward the forum state.").

22       Finally, the Court addresses plaintiffs' argument that economic injury occurred in the

23  forum state, and therefore, the theory of personal jurisdiction in *Asahi*, *supra*, is applicable to

24  this case.  Plaintiffs argue that the economic injury suffered after the complete destruction of the

25  Wind Song occurred in Washington, because the business operations of that entity are based in

26

ORDER

1    Washington not the Bahamas.  While that may be true, none of the cases cited by plaintiffs

2    support the theory that stream of commerce jurisdiction can be predicated upon a purely

3    economical injury when the product and the physical injury were outside of the forum state.

4    Therefore, the Court finds plaintiffs' argument inapposite to the instant situation.

5            Accordingly, because plaintiffs cannot satisfy a specific jurisdiction test, the Court finds

6    that it cannot exercise specific personal jurisdiction over Wartsila Corporation, and it should be

7    dismissed from this litigation.

8                               **III.  CONCLUSION**

9            Defendants' Motion to Dismiss the Second Amended Complaint for Lack of Jurisdiction

10   (Dkt. #148) is GRANTED.  Plaintiff's claims against defendant Wartsila Corporation are

11   DISMISSED, and Wartsila Corporation is DISMISSED as a party to this action.

12           The Clerk shall forward a copy of this Order to all counsel of record.

13

14           DATED this 17  day of May, 2005.

15                                                    RICARDO S. MARTINEZ
                                                      UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 10