1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

HOLLAND AMERICA, *et al.*,

              Plaintiffs,

     v.

WARTSILA NORTH AMERICA, INC., *et al.*,

              Defendants.

CASE NO.  C04-1368RSM

ORDER GRANTING MOTION TO
DISMISS SECOND AMENDED
COMPLAINT

16

## I.  INTRODUCTION

17

18

19

20

21

22

23

24

25

26

This matter comes before the Court on defendants, Bureau Veritas (Canada), Inc.'s, and Bureau Veritas North America, Inc.'s, Motion to Dismiss the Second Amended Complaint. Defendants ask the Court to dismiss plaintiffs' second amended complaint based on any or all of the following grounds: first, defendants argue that the second amended complaint should be dismissed based on the forum selection clause that this Court held to be valid in a prior Order on defendant Bureau Veritas, S.A.'s motion to dismiss; second, defendants argue that the second amended complaint should be dismissed for failure to state a cause of action; third, defendants argue that the second amended complaint should be dismissed under the doctrine of *forum non conveniens*; and finally, defendants argue that this Court lacks *in personam* jurisdiction over Bureau Veritas Canada.

ORDER
PAGE - 1

1    Plaintiffs respond that the venue of this matter is controlled by the Washington forum

2    selection provision contained in its invoices and on its website, which requires legal disputes to

3    be brought before this Court.  Plaintiffs further argue that, even if it were controlling, the French

4    forum selection clause previously upheld by this Court  is no longer valid as to the instant

5    defendants.  Finally, plaintiffs argue that defendants have not made a proper showing of *forum*

6    *non conveniens*, and assert that this Court maintains proper jurisdiction.  Therefore, plaintiffs

7    request that this Court deny defendants' motion to dismiss.  In the alternative, should this Court

8    grant defendants' motion, plaintiffs request permission for leave to amend the complaint.

9    Having considered defendants' motion, plaintiffs' response, defendants' reply, plaintiffs'

10   surreply, and the remainder of the record, the Court hereby GRANTS defendants' motion.

## II. DISCUSSION

### A.  Background

13   Plaintiffs filed the instant case on June 10, 2004.  Plaintiff Holland America Line, Inc., is

14   a Washington state corporation, and registered agent of co-plaintiff Windstar Sail Cruises, Ltd.

15   Plaintiff Windstar Sail Cruises, Ltd., is a Bahamian corporation, which operates passenger sail

16   cruises.  Plaintiffs' claims arise from a fire that completely destroyed a sailing yacht formerly

17   owned by Windstar, called the M/S/Y WIND SONG ("Wind Song").  Plaintiffs allege that while

18   en route from Papeete, Tahiti, to Huahine, Tahiti, a fire broke out in the engine room of the

19   yacht, which spread throughout the yacht's electrical system, resulting in a total loss of the

20   vessel.

21   Former defendant Bureau Veritas, S.A., is the original classification society for the

22   yacht.  Bureau Veritas, S.A. is a French corporation with its principal place of business in

23   Courbevoie, France.  It is one of several classification societies, the business of which is to set

24   standards for the quality and integrity of vessels, and to perform surveys to determine whether a

25   vessel is in compliance with the classification society's rules and regulations, national laws, and

26

ORDER
PAGE - 2

1 international conventions.

2     The Wind Song was built by a french shipyard, the Societé Nouvelle des Ateliers &
3 Chantiers du Havre, in the port of Le Havre, France.  Windstar bought the vessel in 1987, and
4 sought to have it classified with Bureau Veritas, S. A.  As part of that process, two agreements
5 were forwarded to plaintiffs, setting forth the rights and obligations of the owner and defining
6 the role and responsibility of Bureau Veritas, S.A.  (Dkt. #66, Exs.1 and 2).  The first agreement
7 was signed by an agent for Windstar in Oslo, Norway, on February 23, 1988, and the second
8 agreement was signed by plaintiff Holland America in Seattle, Washington, on May 30, 1991.
9 Both agreements contain a forum selection clause which provides for the litigation of all disputes
10 between the parties before the court of Nanterre in France.

11     Bureau Veritas, S. A., surveyed the vessel Wind Song on numerous occasions during its
12 original construction in 1987, and thereafter, in accordance with the agreements, in various ports
13 around the world, including Auckland, New Zealand.  Bureau Veritas, S.A. asserts that none of
14 the surveys occurred in the United States or Vancouver, Canada.

15     Plaintiffs originally named several defendants in this law suit, including Bureau Veritas,
16 S.A., Wartsila North America, Inc., Wartsila NSD Australia, Wartsila New Zealand, Ltd., and
17 Wartsila Finland Oy.  Plaintiffs subsequently voluntarily dismissed Wartsila Australia and
18 Wartsila New Zealand.  The Court then granted leave for plaintiffs to amend its complaint to
19 include four additional defendants, Bureau Veritas North America, Inc., Bureau Veritas
20 (Canada), Inc., Wartsila Diesel Normed, S.A., and Wartsila Corporation.  Wartsila Diesel
21 Normed manufactured the engines that were installed on the Wind Song.  In addition to the
22 claims alleged against the Bureau Veritas entities, plaintiffs allege that the Wartsila entities
23 negligently provided service on the engines or provided faulty parts for the engines.

24     The Court subsequently dismissed defendants Bureau Veritas, S.A., and Wartsila Finland
25 Oy, from this litigation.  (Dkts. #99 and #101).  The Court found that it lacked jurisdiction over

26

ORDER
PAGE - 3

1    Bureau Veritas, S.A., because a valid and enforceable forum selection clause between it and

2    plaintiffs requires that all litigation take place in the court of Nanterre, France.  The Court also

3    found that it lacked jurisdiction over Wartsila Finland Oy because there were insufficient

4    contacts between it and this forum.

5        Plaintiffs then filed a motion for reconsideration, or in the alternative, motion for

6    certification of those Orders for appeal in the Ninth Circuit Court of Appeals.  (Dkt. #103).  The

7    Court denied that motion.  (Dkt. #106).  Plaintiffs then filed appeals from the Orders in the

8    Ninth Circuit Court of Appeals.  (Dkts. #107 and #109).  Shortly after filing the appeals,

9    plaintiffs filed a set of motions asking this Court to certify its previous Orders of dismissal and

10   Order denying reconsideration for appeal in the Ninth Circuit Court of Appeals, which this

11   Court also denied.  (Dkts. #119, #123, #131 and #134).

12       In the meantime, plaintiffs had filed a first amended complaint, which continued to name

13   both Bureau Veritas, S.A., and Wartsila Finland Oy, as defendants.  Following a series of

14   telephonic discussions with the parties, and subsequent written briefing, the Court directed

15   plaintiffs to file a second amended complaint that no longer named either of those defendants.

16   (Dkt. #137).  Plaintiffs filed the second amended complaint as directed.  (Dkt. #139).  The

17   instant motion followed.  Several of the Wartsila defendants have also moved to dismiss certain

18   Wartsila entities from the litigation.  (Dkt. #148).  The Court has addressed that motion, and has

19   dismissed defendant Wartsila Corporation from this litigation.  (Dkt. #166).

20       **B. Forum Selection Clause**

21       As noted above, this Court has previously held that a valid and enforceable forum

22   selection clause requires that all litigation between plaintiffs and former defendant Bureau

23   Veritas, S.A. take place in the court of Nanterre, France.  (Dkt. #99).  Although the instant

24   defendants deny that they performed or were responsible for any allegedly negligent surveys

25   complained of in the second amended complaint, they argue that even assuming the allegations

26

ORDER
PAGE - 4

1    were true, the forum selection clause found in the contract between plaintiffs and Bureau

2    Veritas, S.A., would apply because the alleged negligent conduct is related to that contract.

3    (Dkt. #144 at 6).

4           Plaintiffs essentially respond that the forum selection clause is now outdated, and has

5    been replaced by their own invoice that contains a forum selection clause directing all litigation

6    in this Court. (Dkt. #151 at 13).  For the reasons set forth below, the Court finds that the

7    French forum selection clause does apply to disputes between plaintiffs and the instant

8    defendants.

9           Neither defendant Bureau Veritas Canada or Bureau Veritas North America were parties

10   to the contracts in which the French forum selection clause appears.  Curiously, plaintiff also

11   asserts that it was not a party to either contract.  However, that assertion is simply incorrect.

12   Plaintiff was a signatory to the 1991 contract, as noted above.  (Dkt. #66, Ex. 2).  Regardless,

13   courts have often held that non-parties to an agreement containing a forum selection clause can

14   be made subject to, or may claim the benefit of, that clause in litigation concerning conduct

15   related to the agreement.  *See, e.g.*, *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509,

16   514 n.5 (9th Cir. 1988); *Lipcon v. Underwriters at Lloyd's of London*, 148 F.3d 1285, 1299

17   (11th Cir. 1998); *Clinton v. Janger*, 583 F. Supp. 284, 289-90 (N.D. Ill. 1984).  Defendants

18   argue that, if true, any work performed by Bureau Veritas Canada or Bureau Veritas North

19   America was performed pursuant to the contracts containing the French forum selection clause,

20   and therefore, the work would be sufficiently related to the contracts to give them the right to

21   demand adherence to the forum selection clause.  Defendants further argue that numerous courts

22   have held that such clause would apply not only to claims arising directly from the contract, but

23   also to related tort claims or other related causes of action.  *See, e.g.*, *Manetti-Farrow, supra*, at

24   514 (explaining that a forum selection clause applies to tort claims that relate to the contractual

25   claims at issue).

26

ORDER
PAGE - 5

1      Plaintiffs answer that in or about 1988, Holland America purchased Windstar Sail

2  Cruises, including the M/S/Y/ Wind Song, and from at least 2000 until December 1, 2002,

3  Holland America contracted for services sold by Bureau Veritas Canada and Bureau Veritas

4  North America.  Plaintiffs assert that those "contracts" were made subject to plaintiffs' own

5  terms, which included a forum selection clause directing any litigation to take place in this

6  Court.  Consequently, plaintiffs argue that defendants have accepted those terms by

7  performance, and by failure to expressly reject them.  Interestingly, plaintiffs have been unable to

8  produce any written contracts between Holland American and defendants.  Instead, they rely

9  only on an excerpt from a general Purchase Order which they insist was utilized in the

10  transactions with defendants.  (*See* Dkts. #28 and #87).  In addition, plaintiffs insist that they e-

11  mailed the terms to the Principal Surveyor at Bureau Veritas Canada; however, they provide no

12  information about who sent the e-mail or when.  (*See* Dkt. #87).

13      Despite plaintiffs deficiency in producing any specific written contract between the

14  parties at issue in this motion, the Court notes that they have presented several declarations and

15  other documents purporting to demonstrate that Bureau Veritas was performing services for

16  Holland America, including annual inspections of the vessel, and asserting that those services

17  were performed pursuant to plaintiffs' terms.  (*See* Dkts. #28 at 5-6 and Ex. A, #87 at 2-4 and

18  Ex. A, and #151 at Exs. C-I).  However, the documents cited make no such showing.  Indeed,

19  one document appears to be a contract with one of the Wartsila defendants, and the remainder

20  of the documents do not specify which Bureau Veritas defendant generated the document.

21  Furthermore, none of the documents show any specific agreement to Holland America's terms

22  and conditions.

23      Moreover, defendants have produced specific evidence that the terms were not received

24  or were otherwise rejected.  For example, defendant's witness Andre Laroche, Principal

25  Surveyor in the Vancouver Office of Bureau Veritas Canada, testifies by sworn declaration that

26

ORDER
PAGE - 6

1   neither he nor any other employee of Bureau Veritas Canada ever performed any survey or other

2   type of work on the Wind Song.  (Dkt. #146).

3          Accordingly, the Court is not persuaded that disputes between the instant defendants and

4   plaintiffs are subject to plaintiff's terms and conditions.  Furthermore, the Court agrees with

5   defendants that the French forum selection clause can be enforced between plaintiff and the

6   instant defendants, and dismisses plaintiffs' second amended complaint as to Bureau Veritas

7   Canada and Bureau Veritas North America on that basis.

8          **C. Requests to Strike**

9          Plaintiff aks this Court to strike portions of Pierre Frey's supplemental declaration.

10  (Dkt. #156).  The Court did not rely on that declaration in making the decision set forth above.

11  Accordingly, the Court finds plaintiffs' request to be MOOT.

12                          **III.  CONCLUSION**

13         Defendant's Motion to Dismiss the Second Amended Complaint (Dkt. #144) is

14  GRANTED, and plaintiff's claims against defendant Bureau Veritas Canada, and Bureau Veritas

15  North America are DISMISSED.  Consequently, Bureau Veritas Canada and Bureau Veritas

16  North America are DISMISSED as parties to this action.  Nothing in this Order prevents

17  plaintiffs from pursuing their claims against those defendants in the court of Nanterre.

18         The Clerk shall forward a copy of this Order to all counsel of record.

19

20         DATED this   27   day of May, 2005.

21                                          _____
                                             RICARDO S. MARTINEZ
22                                           UNITED STATES DISTRICT JUDGE

23

24

25

26

ORDER
PAGE - 7